## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:97-CR-113-T-27MAP

CEOTHA ANDRE LIVINGSTON

_____/

## O R D E R

Livingston, an inmate in a Federal penal institution proceeding *pro se*, filed his "Petition Seeking Leave to Adopt and or Incorporate by Reference the Claims of Selective Enforcement and Prosecution Under the Capable of Repetition, Yet Evading Review Doctrine and To File in Support Thereof a Memorandum of Law and Appendices" (Dkt. 105), and his "Federal Question Presenting a Case or Controversy and Review Sought Under the Capable of Repetition, Yet Evading Review Doctrine with Memorandum of Law in Support of Claims Raised" (Dkt. 106) which the Court construes, collectively, as a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255. Livingston also filed a Motion for Status Report (Dkt. 109) requesting information regarding the status of his Motion to Compel Specific Performance (Dkt. 95), and a motion seeking class certification pursuant to Fed. R. Civ. P. 23 (Dkt. 107). The United States filed a motion to dismiss Livingston's Motion to Compel Specific Performance wherein the United States argued that Livingston's motion should be dismissed as a second or successive §2255 motion and that it has complied with the provisions of the plea agreement (Dkt. 103).

The claim of selective enforcement Livingston seeks to adopt has been asserted in motions to vacate, set aside, or correct an allegedly illegal sentence filed pursuant to 28 U.S.C. § 2255 in *Bailey v. United States*, Case No. 8:00-CV-845-T-17TBM (2002); *Cannon v. United States*, Case No. 8:06-CV-311-T-30MSS (M.D. Fla. 2006); *Scott v. United States*, Case No. 8:06-CV-769-T-26MAP (M.D. Fla. 2006); and *Pearson v. United States*, Case No. 8:06-CV-1153-T-30MSS (M.D. Fla. 2006).

On January 16, 2001, Livingston filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255 challenging the conviction and sentence imposed in this criminal case (Dkt. 81; *see* Case No. 8:01-CV-109-T-25MAP - Dkt. 1). Livingston's §2255 motion was dismissed as untimely on March 30, 2001 (Dkt. 85; *see* Case No. 8:01-CV-109-T-25MAP - Dkt. 4). Livingston's appeal was dismissed for want of prosecution on June 11, 2001 (Dkt. 89). On October 25, 2001, the Eleventh Circuit Court of Appeals reinstated Livingston's appeal, but denied his motion for a certificate of appealability because he failed to make the requisite showing (Dkt. 93).

On January 20, 2006, the Eleventh Circuit denied Livingston's application for leave to file a second or successive §2255 motion (Dkt. 94).

Livingston moves the Court to vacate his sentence and conviction. A §2255 motion is generally the proper means of attack for federal prisoners asserting errors that occurred during or before sentencing. *See Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003); *see also United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (because defendant was in custody, "§ 2255 was his exclusive remedy"); *United States v. Almand*, 992 F.2d 316, 317 (11th Cir. 1993) (finding that "[a] sentence is presumed valid until vacated under §2255") (citing *Atehortua v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991) (holding that the exclusive remedy for individuals challenging the validity of a sentence is §2255)). Because Livingston is a "prisoner in custody under sentence of a court established by Act of Congress" challenging the legality of his conviction, the motion should be filed pursuant to §2255. Since Livingston has, however, previously sought collateral relief pursuant to §2255, this new motion is a second or successive action.

The Antiterrorism and Effective Death Penalty Act of 1996 contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts. "[A] second or successive motion

2

must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence . . . or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255. *See* 28 U.S.C. 2244(a) (stating that "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255."); *see also* 28 U.S.C. § 2244(b); *Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). Because Livingston's prior action was brought pursuant to §2255, the preclusion against second or successive motions applies to this challenge to his conviction. *Id.* at 1245.

The "savings clause" of § 2255 states, in pertinent part, that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.**

28 U.S.C. §2255 (emphasis added). The burden to show that § 2255 relief would be ineffective is on the petitioner. *See Von Ludwitz v. Ralston*, 716 F.2d 528 (8th Cir. 1983); *see also Wofford*, 177 F.3d at 1244. The Eleventh Circuit addressed this issue and found:

> The "savings clause" of §2255 permits a prisoner to file a § 2241 petition only if an otherwise available remedy under §2255 is "inadequate or ineffective" to test the legality of his detention. 28 U.S.C. § 2255. The Antiterrorism and Effective Death Penalty Act's (AEDPA's), Pub. L. No. 104-132, 110 Stat. 1214 (1996), restrictions on successive §2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous §2255 motion may not circumvent the successive motion restrictions simply by filing a petition under §2241.

*Darby v. Hawk-Sawyer*, 405 F.3d 942 (11th Cir. 2005) (citation omitted). Thus, Livingston is not

entitled to proceed under the savings clause of §2255.

Since Livingston has failed to persuade this Court that the remedy under §2255 is inadequate or ineffective or that he has applied to the court of appeals for an order authorizing this Court to consider his application, the Court is without jurisdiction to entertain his motion. His motion will, therefore, be dismissed without prejudice to allow Livingston the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1.    The motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. §2255 (Dkts. 105¬106) is **DISMISSED** without prejudice.

2.    The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3.    To the extent Livingston's Motion to Compel Specific Performance (Dkt. 95) is pending, the Motion to Dismiss (Dkt. 103) is **GRANTED** based on the arguments set forth by the United States in its Motion to Dismiss, and Livingston's Motion to Compel Specific Performance (Dkt. 95) is **DENIED**.

4.    Livingston's Motion for Status Report (Dkt. 109) is **DENIED** as moot.

5.    Livingston's motion for Class Certification of Action (Dkt. 107) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, on this _6_ day of August,  2007.

_Signature_

**JAMES D. WHITTEMORE**
**United States District Judge**

SA:sfc

Copy to:
*Pro se* Petitioner/Counsel of Record